UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES TANNER, et al.,<br>            Plaintiffs,<br>    v.<br>FORD MOTOR COMPANY, et al.,<br>            Defendants. | Case No. 5:19-cv-02495-EJD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**<br><br>Re: Dkt. No. 9 |

Plaintiffs allege various state-law causes of actions against Ford Motor Company and Cypress Coast Ford Lincoln ("Cypress Coast"). Ford Motor Company ("Defendant") argues that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and that removal was proper. Plaintiffs argue that removal is improper because Cypress Coast destroys diversity jurisdiction as Plaintiffs and Cypress Coast are both California citizens.[1] Defendant contends that Cypress Coast is a sham defendant and a dispensable party, thus making removal proper. The Court disagrees.[2] Because dismissing Cypress Coast is improper, complete diversity does not exist among the parties and the Court lacks jurisdiction. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). The Clerk is **DIRECTED** to **REMAND** this case to Santa Clara County Superior Court and close the

---

[1] This loosely characterizes Plaintiffs' argument. Plaintiffs spend a portion of their brief arguing that Defendant has not established that Plaintiffs are California citizens. Perplexingly, this undercuts their main argument that the inclusion of Cypress Coast destroys diversity and mandates remand. If the Court agrees that Defendant has not established Plaintiffs' California citizenship, then the inclusion of Cypress Coast, a California domiciliary, is irrelevant. In fact, Plaintiffs *need* to be California citizens for Cypress Coast's citizenship to matter. The Court thus "recasts" Plaintiffs' argument for clarity and cohesiveness.

[2] After considering the parties papers, the Court finds this motion suitable for consideration without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b).

Case No.: 5:19-cv-02495-EJD
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

1

file.

**I. BACKGROUND**

**A. Factual Background**

On or about July 3, 2013, Plaintiffs purchased a 2013 Ford F-430 vehicle (the "Vehicle") from Cypress Coast Ford. Complaint for Violation of Statutory Obligations ("Compl.") ¶ 8, Dkt. 1-2, Ex. B. Plaintiffs received an express written warranty with this purchase. *Id.* ¶ 9. During the warranty period, the Vehicle contained or developed defects, which substantially impaired the use, value, or safety of the Vehicle. *Id.* ¶ 10. Plaintiffs assert six causes of action, but only the fifth cause of action, that Defendants breached the implied warranty of merchantability, includes Cypress Coast Ford. *Id.* ¶¶ 31–35. The other five causes of action are only asserted against Defendant Ford Motor and are not at issue in this action. *Id.* ¶¶ 13–18, 19–23, 24–26, 27–30, 36–48. Plaintiffs assert the fifth cause of action under the Song-Beverly Consumer Warranty Act, see Cal. Civ. Code §§ 1791.1, 1794, 1795.5. *See id.* at 6. Plaintiffs are "residents of Alameda County, California." *Id.* ¶ 2. Defendant Ford Motor is a citizen of Delaware and Michigan. *Id.* ¶ 4. Cypress Coast is a California citizen. *Id.* ¶ 5.

**B. Procedural History**

Plaintiffs filed their Complaint in the Santa Clara County Superior Court on April 5, 2019. Compl. at 11. Defendant Ford Motor removed the action to this Court on May 8, 2019 pursuant to 28 U.S.C. § 1332. Dkt. 1. On July 2, 2019, Plaintiffs filed a motion to remand. Motion to Remand Case ("Mot."), Dkt. 9. Defendant filed on opposition on July 16, 2019. Opposition/Response re Motion to Remand ("Opp."), Dkt. 10. On July 23, 2019, Plaintiffs submitted a reply. Reply re Motion to Remand Case ("Reply"), Dkt. 12.

**II. LEGAL STANDARDS**

**A. Motion to Remand**

The party seeking removal bears the burden of establishing jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The Court strictly construes the removal statute against removal jurisdiction. *Id.* Federal jurisdiction must be rejected if there is any doubt as to the right

Case No.: 5:19-cv-02495-EJD
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND
2

1  of removal in the first instance. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Indeed, federal courts are "particularly skeptical of cases removed from state court." *Warner v. Select Portfolio Servicing*, 193 F. Supp. 3d 1132, 1134 (C.D. Cal. 2016) (citing *Gaus*, 980 F.2d at 566). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B. Sham Defendant

While 28 U.S.C. § 1332 requires complete diversity of citizenship, see *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996), one exception is where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder is a "term of art," it does not imply any intent to deceive on the part of a plaintiff or his counsel. *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Joinder of a non-diverse defendant is fraudulent if: (1) the plaintiff fails to state a cause of action against a defendant and (2) the failure is obvious according to the settled rules of the state. *McGabe*, 811 F.3d at 1339.

As a matter of general principle, courts generally employ a presumption against fraudulent joinder. *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). Indeed, defendants who assert fraudulent joinder carry a heavy burden of persuasion. *Id.* It must appear to a "near certainty" that the joinder was fraudulent. *Alexander v. Select Comfort Retail Corp.*, 2018 WL 6726639, at *2 & n.4 (N.D. Cal. Dec. 21, 2018) (citing *Diaz*, 185 F.R.D. at 586). Merely showing that an action is "likely to be dismissed" against that defendant does not demonstrate fraudulent joinder. *Diaz*, 185 F.R.D. at 586; *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *2 (N.D. Cal. Dec. 11, 1996) ("The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so."). The defendant must be able to show that the individuals joined in the action cannot be liable under any theory. *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003). In resolving the issue, the court must resolve all ambiguities in state law in favor of the plaintiffs. *Diaz*, 185 F.R.D. at 586.

Case No.: 5:19-cv-02495-EJD
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND
3

United States District Court
Northern District of California

### III. DISCUSSION

#### A. Subject-Matter Jurisdiction

Defendant first argues that Plaintiffs' motion to remand is untimely. Opp. at 3. A motion to remand must be filed within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c). Defendant argues that Plaintiffs' motion to remand is untimely because it is "55 days [late]." Opp. at 3. Of course, if this Court determines that it is without subject-matter jurisdiction, then the thirty-day timeline in 28 U.S.C. § 1447(c) is inapplicable. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction . . . the court shall dismiss the action."). The crux of Plaintiffs' motion is that Cypress Coast destroys diversity and thereby this Court's jurisdiction over this case. The motion, thus, hinges on subject-matter jurisdiction, which is never untimely. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93 (1998); *Alvarez v. TransitAmerica Servs., Inc.*, 2019 WL 4644909, at *2 & n.1 (N.D. Cal. Sept. 24, 2019). Accordingly, Plaintiffs' motion to remand is not untimely.

#### B. Sham Defendant

Defendant argues that Cypress Coast is a sham defendant because Plaintiffs fail to state a cause of action since the statute of limitations for the implied warranty claim (the fifth cause of action) has expired. Opp. at 4, 9. The Song-Beverly Act does not include its own statute of limitations; rather, the statute of limitations is governed by two seperate time limits. *MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087, 1100 (N.D. Cal. 2014). First, "[u]nder California Civil Code § 1791.1(c), implied warranties exist for one year following the sale of [new] goods." *Gerstle v. Am. Honda Motor Co., Inc.*, 2017 WL 2797810, at *11 (N.D. Cal. June 28, 2017) (alterations in original) (quoting *Roberts v. Electrolux Home Prods., Inc.*, 2013 WL 7753579, at *5 (C.D. Cal. Mar. 4, 2013)). To state a breach of implied warranty claim, a plaintiff must allege that the product was unfit or unmerchantable at the time of sale or within a year after delivery of the product. *Mexia v. Rinker Boat Co.*, 95 Cal. Rptr. 3d 285, 294 (Cal. Ct. App. 2009). After that period "the warranty ceases to exist," which means any breach of the implied warranty must have

1    occurred within one-year of purchase.  *Id.*  Second, pursuant to California Commercial Code

2    § 2725, "implied warranty claims must be brought within four years of the date when the breach

3    occurred."  *Gerstle*, 2017 WL 2797810 at *11.

Here, the alleged breach occurred "[d]uring the warranty period."  Compl. ¶ 10.  Thus, the first time limit is satisfied.  The dispute focuses on the second inquiry—whether Plaintiffs brought suit within the four-year time limit.  Ford argues that the statute of limitations expired nearly two years ago, on July 3, 2017, and would have the limitations period run from the date of purchase.  Opp. at 6.  Defendant argues that because the action is time-barred, it is "obvious" that Defendant Cypress Crest cannot be liable on any theory and subject-matter jurisdiction is proper.  *Id.*; *Calero*, 271 F. Supp. 2d at 1176.

This argument, however, is contrary to applicable California law, which holds that the statute of limitations begins to run once a defect is discovered, not when a product is delivered.  *See, e.g.*, *Mexia*, 95 Cal. Rptr. 3d at 293; *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1222–23 (9th Cir. 2015).  Under the Song-Beverly Act, a claim for breach of the implied warranty of merchantability may be based upon a defect not discoverable at the time of the sale.  *Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 922 (C.D. Cal. 2010) (discussing *Mexia* and stating "The statute of limitations for Plaintiff's breach of implied warranty claim thus began running in March 2008, when he first *discovered* that BMW would not repair his defective windshield") (emphasis added).  Thus, contrary to Defendant's assertion, the statute of limitations for implied warranty claims does not run at tender.  It runs at discovery.  *See, e.g.*, *Chipley*, 2018 WL 1965029 at *3; *Audo v. Ford Motor Co.*, 2018 WL 3323244, at *2 (S.D. Cal. July 6, 2018) ("California Code § 1791.1(c) provides that implied warranties of merchantability last for a minimum duration . . . . It follows that Plaintiffs' implied warranty *explicitly extends to future performance*.  The Discovery Rule therefore applies . . . ." (emphasis added)).

Defendant contends that the discovery rule has been rejected by other courts in this District.  Opp. at 6 (citing *Gerstle*, 2017 WL 2797810, at *12; *Marcus v. Apple Inc.*, 2015 WL 151489, at *8 (N.D. Cal. Jan. 8, 2015) (" If a warranty period on a product did not begin to toll

Case No.: 5:19-cv-02495-EJD
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

5

until the purchaser discovered a defect, the warranty would be useless."); *MacDonald*, 37 F. Supp. 3d at 1100–01 (holding *Ehrlich* unpersuasive and concluding that the discovery rule does not apply to implied warranty claims because such warranties do not "explicitly extend to future performance of the goods"). While California courts have "consistently held [an implied warranty] is not a warranty that 'explicitly extends to future performance of the goods,'" see *Cardinal Health 301, Inc. v. Tyco Elec. Corp.*, 87 Cal. Rptr. 3d 5, 17 (Cal. Ct. App. 2008), they also have held that the discovery rule applies to implied warranty claims. *See, e.g.*, *Mexia*, 95 Cal. Rptr. 3d at 291–92.

Moreover, "[w]hile California federal district courts have given *Mexia* mixed treatment, we must adhere to state court decisions—not federal court decisions—as the authoritative interpretation of state law." *Daniel*, 806 F.3d at 1223. *Mexia* accords with "the policy repeatedly expressed by California courts of the need to construe the Song-Beverly Act so as to implement the legislative intent to *expand* consumer protection and remedies." *Id.* (quoting *Mexia*, 95 Cal. Rptr. 3d at 296). *Gerstle*, *Marcus*, and *MacDonald* are unpersuasive; they ground their arguments in other federal court precedent to show that California case-law using the discovery rule is illogical. *Cf. Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (holding that there is no "federal general common law" for state causes of action). The Ninth Circuit rejected this approach and concluded that cases like *Gerstle*, do not provide "convincing evidence that the California Supreme Court would decide the issue in *Mexia* differently." *Id.*; *accord Diaz*, 185 F.R.D. at 586 (noting that ambiguities in state law must be resolved in the plaintiff's favor). Further to Defendant's disadvantage, *MacDonald* based its reasoning on disproving *Krieger v. Nick Alexander Imports, Inc.*, 285 Cal. Rptr. 717 (Cal. Ct. App. 1991). *MacDonald* barely discusses *Mexia*. *See* 37 F. Supp. at 1099–1100 (mentioning *Mexia* but not analyzing its reasoning); *see also Covarrubias v. Ford Motor Co.*, 2019 WL 2866046, at *3 (N.D. Cal. July 3, 2019) (using *Mexia* only to establish that § 2725 governs Song-Beverly claims, but thereafter only discussing *Krieger* to supports its ruling that implied warranty statute of limitations runs at tender). *Krieger* does not discuss *Mexia* at all. Hence, *MacDonald* neither disproves *Mexia*'s analysis nor provides

Case No.: 5:19-cv-02495-EJD
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND
6

convincing evidence that the California Supreme Court would decide *Mexia* differently. Accordingly, *Mexia*'s finding that "rule [] § 1791.1 does not create a deadline for discovering latent defects . . . must be followed." *Daniel*, 806 F.3d at 1223.

"The discovery rule, where applicable, postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Aryeh v. Canon Bus. Sols., Inc.*, 292 P.3d 871, 875 (Cal. 2013). The Court concludes that it is not obvious that Plaintiffs cannot state a claim against Cypress Coast, because it is possible their implied warranty claim is not time-barred under the discovery rule. From the face of the Complaint it is unclear when the alleged defect was discovered. *See* Compl. ¶ 10 (alleging only that defect existed during warranty period, but not when defect was discovered). However, "[e]ven if the allegations concerning [discovery] are not sufficiently pled, Ford has not shown that Plaintiff will not be able to amend the complaint to allege [that the discovery rule applies]." *Cavale v. Ford Motor Co.*, 2018 WL 3811727, at *3 (E.D. Cal. Aug. 9, 2018); *Vincent v. First Republic Bank Inc.*, 2010 WL 1980223, at *3 (N.D. Cal. May 17, 2010) ("[E]ven if the complaint fails to state any claims against the non-diverse individual defendants, defendants have not shown that plaintiff would not be able to amend the complaint to allege any viable claim against the individual defendants under California law."). Accordingly, because the Court cannot conclude Plaintiffs have no possibility of ultimately stating their claim for breach of the implied warranty of merchantability, Defendant has not met its burden of establishing sham joinder.[3]

### C. Indispensable Party

Federal Rule of Civil Procedure 21 allows a federal court, on just terms, to "add or drop a party." Rule 21 grants a federal district or appellate court the "discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19." *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). Pursuant to Federal Rule of Civil Procedure 19, parties are indispensable if complete

---

[3] Because the Court holds that it is not obvious the implied warranty claim is time-barred, it does not address the other tolling arguments.

Case No.: 5:19-cv-02495-EJD
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND
7

relief cannot be afforded without that party, if the absent party's interests will be prejudiced, or if the absent party would have an inadequate remedy if they were dismissed for nonjoinder. Fed. R. Civ. Pro. 19.

Courts in this District have held that auto dealerships "may be necessary for adjudication of state law claims, for purposes of a § 1447(e) analysis." *Watson v. Ford Motor Co.*, 2018 WL 3869563, at *4 (N.D. Cal. Aug. 15, 2018). In *Sandhu v. Volvo Cars of N. Am., LLC*, 2017 WL 403495, at *2 (N.D. Cal. Jan. 31, 2017), the plaintiff alleged "that the breach of the implied warranty arises from the same vehicle, the same alleged defects in that vehicle, and the same failed attempt to repair that vehicle." The *Sandhu* court concluded that "[t]rying the case in separate actions could lead to inconsistent findings as to the condition of the vehicle and the adequacy of repairs," and thus this factor weighed in favor of joinder. *Id.*

Here, Plaintiffs allege that the breach of implied warranty arises from the same vehicle, its alleged defects, and failed attempts to repair the vehicle. Reply at 2. As in *Sandhu* and *Watson*, trying the two separate cases could lead to inconsistent findings. Fed. R. Civ. P. 19(b)(1); *Sabag v. FCA US, LLC*, 2016 WL 6581154, at *4 (C.D. Cal. Nov. 7, 2016) (holding party necessary because party was "directly related" to claims for relief and was a "direct participant" in the claims). Inconsistent findings may result if Cypress Coast is dismissed and, more concerning, Cypress Coast may be prejudiced by dismissal because Defendant Ford is arguing it is entitled to full indemnity from Cypress Coast, and so Defendant Ford has a lesser interest in vigorously defending against this action. Accordingly, contrary to Defendant's assertion, Cypress Coast is not indispensable.

### D. Plaintiffs' Domicile

"The place where a person lives is taken to be his domicile until facts adduced establish the contrary; and a domicile, when acquired, is presumed to continue until it is shown to have been changed." *Anderson v. Watts*, 138 U.S. 694, 706 (1891); *Hollinger v. Home State Mut. Ins. Co.*, 564 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence, however, is prima facie proof of his domicile.").

Case No.: 5:19-cv-02495-EJD
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

8

Plaintiffs contend that pursuant to *Metropoulos v. BMW of N. Am., LLC*, 2017 WL 564205, at *1 (C.D. Cal. Feb. 9, 2017), Defendant has not adequately proven Plaintiffs are California Citizens. Reply at 9. In *Metropoulos*, the court held that a Complaint stating where a plaintiff resides does not establish the plaintiff's domicile. *Metropoulos*, 2017 WL 564205, at *1. This is contrary to longstanding precedent which presumes that a person's "current residence is also his domicile." 13E WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 3612 & n.28 (3d ed. 2013) (collecting cases). Accordingly, the Court holds that Plaintiff' citizenship has been adequately proven. *See* Compl. ¶ 2 ("Plaintiffs are residents of Alameda County, California); *see also supra* n.1 (noting that the discussion regarding Cypress Coast depends on Plaintiffs' being California citizens).

## IV.     CONCLUSION[4]

Because Cypress Coast is an indispensable and non-sham defendant, this Court lacks subject-matter jurisdiction and must remand the action pursuant to 28 U.S.C. § 1447(c). Accordingly, this Court **GRANTS** Plaintiffs' motion to remand. The Clerk is **DIRECTED** to **REMAND** this case to the Santa Clara County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: November 25, 2019

EDWARD J. DAVILA
United States District Judge

---

[4] The Court does not address Plaintiffs' amount in controversy arguments as it holds there is not complete diversity between the parties, thus mooting the amount in controversy analysis.

Case No.: 5:19-cv-02495-EJD
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

9